624 P.2d 871

Ray G. CLARK, Elbert W. "Al" Fowler, Kenneth J. DeSautel, Richard F. Jaskiewicz, Lupita Shesteko-Montiel, Mary Francis Trimble, Jimmy S. Trimble, and Don Frew, qualified electors of Pima County, Arizona, Appellants,

v.

PIMA COUNTY BOARD OF SUPERVISORS: Katie Dusenberry, Sam Lena, E. S. "Bud" Walker, Conrad Joyner, and David Yetman, Members of and Constituting the Board of Supervisors of Pima County, Arizona; Eugenia Wells, Clerk of the Pima County Board of Supervisors; and Gilbert Hoyos, Acting Director of Elections of Pima County, Arizona,

and

Richard Dolny, Appellees.

No. 15112.

Supreme Court of Arizona, In Banc.

Feb. 18, 1981.

---

**194**

Miller, Pitt & Feldman, P. C. by Linda A. Drake, Tucson, for appellants.

Louie Carrasco, Tucson, for appellees.

HOLOHAN, Vice Chief Justice.

The appellants challenged the legal sufficiency of the signatures appearing on the nominating petitions filed by appellee Richard Dolny to run as an independent candidate for the office of Pima County Supervisor for District 3. The superior court denied the challenge, and appellants filed an appeal pursuant to A.R.S. § 16–351(A). After hearing oral argument, this court issued an order affirming the judgment of the superior court noting that a written opinion would follow at a later date.

The facts presented by the record show that the appellee filed 29 nominating petitions containing 369 signatures. To qualify for placement of his name on the ballot, he was required to have filed 147 valid signatures of qualified electors. A.R.S. § 16–341(E) and (F). The superior court found 175 signatures invalid for a number of specified reasons which included: not registered in the district; not registered at time of signing the petition; illegible signatures; and signed twice. Both sides agree that 72 signatures are valid in all respects. There were 128 signatures which were at variance with the affidavits of registration. The superior court ruled two of this latter type as invalid and the remaining 126 as valid. In order for the appellee to qualify for placement on the ballot the signatures represented by the class of 126 signatures at variance with the affidavit of registration would have to be ruled valid.

The issue presented by appellant is whether the signers of nominating petitions must sign with the exact name under which they are registered to vote.

A.R.S. § 16–351(C) provides that the general county register at the time of filing the court action challenging a nomination petition shall constitute the official record to determine on a prima facie basis whether a signer was registered to vote at the address given on the date the petition was signed. Although the term "general county register" is not specifically defined, we believe the Legislature meant the systems authorized by A.R.S. § 16–162 for the permanent preservation of affidavits of registration. In this case copies of the original affidavits of registration were used in checking each signature against current voter registration.

Appellants point out that A.R.S. § 16–315(A) requires that nomination petitions be signed with the "signature as registered." The old statute (A.R.S. § 16–303) required only the "names of signers." Appellants argue that the change of language shows an intent by the Legislature to make the signature requirements more exact. Appellants contend that a signature not in exact conformity with the signature as registered may not be considered a valid signature.

We believe that the Legislature intended to require stricter adherence to form by the use of the clear language of A.R.S. § 16–315(A), but we do not believe that such action means that minor variations in name signing would disqualify an otherwise valid signature from consideration. This position is somewhat fortified by the language the Legislature used in A.R.S. § 16–351(C) which gives a prima facie showing of not registered when a signer's name does not appear on the county register.

When the signature appearing on a nominating petition is not exactly the same as that on the affidavit of registration, a prima facie case is made by the contestant that the signer is not a registered voter, but the proponent of the petition is free to make an affirmative showing that the signature is in fact that of a properly registered voter. If the trier of fact is satisfied with the showing made by the proponent, the signature should be accepted. As this court stated in *Whitman v. Moore*, 59 Ariz. 211, 225, 125 P.2d 445, 453 (1942):

"The ultimate substantive question obviously is whether the signer is in all respects a qualified elector, and all the requirements in regard to residence, date of signing, verification and the like are to assist interested parties to ascertain this fact. We think in reason, and considering the background of the Constitution, the intent of its framers and the people who adopted it was that the effect of a deviation from the constitutional requirements in any of these particulars as to the manner of furnishing the necessary information by either petitioner or verifier is not to make the signature void, but to destroy the presumption of validity, and place upon the one desiring to sustain the signature the burden of proving by evidence *aliunde* the petition that the signer was qualified in all respects. The foregoing principles must be applied to all petitions under the constitutional provision."

We believe the same principles applied in *Whitman v. Moore* to the state constitution are also applicable to the statutes at issue in this case.

The judgment of the superior court is affirmed.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.